UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRADLEY F. PORTER** | * | **CIVIL ACTION NO. 13-3069** |
| | * | |
| **VERSUS** | * | **SECTION** |
| | * | |
| **GREAT AMERICAN INSURANCE** | * | **JUDGE** |
| **COMPANY, DUNHAM-PRICE GROUP,** | * | |
| **L.L.C. and ALGOMA SHIPPING, INC.** | * | **MAGISTRATE** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes Algoma Shipping, Ltd., defendant in the action entitled, "*Bradley F. Porter v. Great American Insurance Company, Dunham-Price Group, L.L.C. and Algoma Shipping, Inc.*," bearing Civil Action No. 13-1367-A in the Fourteenth Judicial District, Parish of Calcasieu, State of Louisiana, reserving all rights and defenses, to notice removal of that Louisiana state court civil action to the United States District Court for the Western District of Louisiana, Lake Charles Division, and upon information and belief, represents as follows:

1.

Plaintiff, Bradley Porter, asserts that he is a United States citizen of full majority and resident of the State of Louisiana.

2.

Defendant Algoma Shipping, Ltd. ("Algoma"), is a foreign corporation with its United States office in Beverly, Massachusetts.

1

3.

Defendant Great American Insurance Company ("Great American") is, upon information and belief, an Ohio corporation with its principal place of business in Cincinnati, Ohio. Great American is licensed to do and doing business in the State of Louisiana.

4.

Defendant Dunham-Price Group, L.L.C. ("Dunham-Price") is a Louisiana limited liability company with its principal place of business in Westlake, Louisiana.

5.

On March 20, 2013, plaintiff filed suit in the Fourteenth Judicial District, Parish of Calcasieu, State of Louisiana, alleging claims for personal injuries allegedly sustained on or about June 14, 2012 while attempting to step onto a barge located next to the M/V BAHAMA SPIRIT, a vessel owned by defendant Algoma, and docked at defendant Dunham-Price's facility in Lake Charles, Louisiana. Plaintiff alleged he "suffered injuries and damages" due to the negligence of defendants for, among other reasons, failing to provide a safe ingress and egress between the vessels.[1]

6.

In his original Petition, plaintiff named Great American, Dunham-Price and CSL International, Ltd. ("CSL"), as defendants.

7.

CSL formally answered plaintiff's Petition on August 26, 2013, asserting that plaintiff had no cause of action against CSL because CSL was the time charterer of the M/V BAHAMA SPIRIT.

---

[1] / Exhibit "A," Plaintiff's Petition for Damages.

8.

Plaintiff subsequently amended his petition on September 27, 2013. In his amended Petition, plaintiff substituted defendant Algoma, as owner of the M/V BAHAMA SPIRIT, for CSL.[2]

9.

Despite filing his amended petition on or about September 27, 2013, plaintiff did not mail and serve the amended petition until October 21, 2013.[3] Service was effectuated on October 25, 2013 when it was received by Algoma.

10.

The above-described action asserts a civil action over which this Court has original subject matter jurisdiction under the provisions of 28 U.S.C. §1333, permitting removal of this action under 28 U.S.C. §1441.

11.

The "Saving to Suitors" clause, 28 U.S.C. §1333, provides:

> The district courts shall have *original jurisdiction*, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

(Emphasis added).

12.

28 U.S.C. §1441(a), as amended in 2011, provides:

> Except as otherwise expressly provided by Act of Congress, any

---

[2] Exhibit "B," Plaintiff's First Supplemental and Amending Petition.
[3] Exhibit "C," letter from Baggett McCall to Algoma Shipping, dated October 21, 2013 and stamped October 25, 2013.

> civil action brought in a state court of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(Emphasis added).

The amended language of §1441(a) permits removal of any suit over which the federal courts have original jurisdiction, except where removal is prohibited by federal statute.

13.

This Court has original federal jurisdiction over this matter within the meaning of §1441(a) pursuant to the federal admiralty and maritime jurisdiction conferred by Article III, Section 2 of the United States Constitution and 28 U.S.C. §1333. Plaintiff alleges that he was injured when he fell into navigable waters while transferring from a vessel in navigable waters to an adjacent barge, also in navigable waters. Plaintiff's allegations invoke both the situs and status requirements for the application of federal admiralty and maritime jurisdiction. In fact, in both his original and amending state court Petitions, plaintiff alleges his cause of action is "an Admiralty and General Maritime claim brought under the savings to suitors clause of 28 USCS 1333" and designated his claim "as an Admiralty and General Maritime claim under Louisiana law."[4]

14.

Because this Court has original federal and maritime jurisdiction over this case, the suit is removable under 28 U.S.C. §1441(a). *See also Wells v. Abe's Boat Rentals, Inc.*, C.A. No. 13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013); *Ryan v. Hercules Offshore, Inc.*, C.A. No. 12-3510, 2013 WL 1967315 (S.D. Tex. May 13, 2013).

---

[4] / Exhibit A, p. 1; Exhibit B, p. 1.

4


15.

Algoma was formally served on October 25, 2013. Accordingly, this removal is timely under 28 U.S.C. §1446(b)(2)(B).

16.

As signified by the attached written consent, the other defendants -- Great American and Dunham-Price -- consent to this removal.[5]

17.

Written notice of filing of this Notice of Removal is being delivered to the plaintiff through his counsel of record, as well as to counsel for Great American and Dunham-Price. A copy of this Notice of Removal will be filed with the clerk of the Fourteenth Judicial District Court, Parish of Calcasieu.

**WHEREFORE**, premises considered, Algoma notices removal of the above described state court action to this Honorable Court.

---

[5] / Exhibit "D," letter from Zaunbrecher Treadaway, L.L.C., counsel for Dunham-Price and Great American, dated 7 November 2013.

Respectfully submitted,

MURPHY, ROGERS, SLOSS & GAMBEL

/s/ Peter B. Tompkins
_____
Peter B. Tompkins, T.A. (#17832)
Ptompkins@mrsnola.com
Hansford P. Wogan (#34825)
Fwogan@mrsnola.com
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574
***Attorneys for defendant, Algoma Shipping, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on this 13 November 2013, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by email, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

/s/ Peter B. Tompkins
_____

300/4622