UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

BRADLEY F. PORTER                    CIVIL ACTION NO: 13-3069

VERSUS                                   JUDGE DONALD E. WALTER

GREAT AMERICAN INSURANCE
CO., DUNHAM-PRICE GROUP, LLC,
AND ALGOMA SHIPPING, INC.          MAGISTRATE JUDGE KAY

## MEMORANDUM ORDER[1]

Before the Court is a Motion to Remand [Doc. #10], filed by the Plaintiff, Bradley F. Porter. The Defendants, Algoma Shipping Ltd. ("Algoma"), Dunham-Price Group, LLC ("Dunham"), and Great American Insurance Co. ("Great American"), oppose the motion. [Docs. #14 and 15]. For the reasons assigned herein, Plaintiff's motion is hereby **GRANTED**.

Plaintiff originally filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, alleging that he was injured while walking down a gang way between the vessel "Bahama Spirit" and an adjacent barge, resulting in a leg fracture, right shoulder pain, wrist pain, and headaches. [Doc. #1-2]. Algoma, with the consent of Dunham and Great American, removed the matter alleging that this court has original jurisdiction pursuant to 28 U.S.C. § 1333. Plaintiff now moves to remand, arguing that cases brought in state court under general maritime law are not removable.

Unless a federal statute expressly provides otherwise a defendant may remove a civil action

---

[1] Plaintiff's Motion for Leave to file Reply Memorandum [Doc. #16] is hereby **GRANTED**. Algoma's Motion for Leave to File Supplemental Memorandum in Opposition [Doc. #17] is hereby **GRANTED**.

filed in state court to federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). In assessing whether removal is appropriate this court is guided by the principal that federal courts are courts of limited jurisdiction and that "the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The longstanding general rule in the Fifth Circuit has been that a defendant who desires to remove a maritime action from state court to federal court must establish a basis for jurisdiction other than admiralty jurisdiction. *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991). However, Defendants argue that a recent amendment in the language of 28 U.S.C. § 1441 now permits the removal of general maritime claims on the basis of admiralty jurisdiction.

District courts are sharply divided as to whether the amendment to section 1441 now permits a defendant to remove general maritime claims on the basis of admiralty jurisdiction. *Compare Perrier v. Shell Oil Co.*, 2014 WL 2155258 (E.D. La. May 22, 2014), *Barry v. Shell Oil Co.*, 2014 WL 775662 (E.D. La. Feb. 25, 2014) and *Gabriles v. Chevron USA, Inc.*, 2014 WL 2567101 (W.D. La. June 6, 2014) (cases brought under general maritime law are not removable) *with Garza v. Phillips 66 Co.*, 2014 WL 1330547 (M.D. La. April 1, 2014) and *Ryan v. Hercules Offshore, Inc.*, 2013, 945 F.Supp.2d 772 (S.D. Tex. 2013) (cases brought under general maritime law are removable).

The Fifth Circuit has yet to directly address whether the amendment to the language of 28 U.S.C. § 1441 permits the removal of general maritime claims. Without clear guidance on the issue,

2

this court will join the reasoning set forth by the Western and Eastern Districts of Louisiana in finding that Plaintiff's claims remain unremovable. *See Perrier* and *Gabriles*.

Accordingly, Plaintiff's Motion to Remand [Doc. #10] is hereby **GRANTED**. The Clerk is ordered to remand this matter to the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana.

**THUS DONE AND SIGNED**, this ___ day of July, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

3